FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 DEC 19 PM 2: 07

CLERK C Reynoldo
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| KATHRYN A. HUBBARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 104-190 |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Kathryn A. Hubbard appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") and disability benefits under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED** and that a final judgment be **ENTERED** in favor of the Commissioner.

### I. BACKGROUND

Plaintiff applied for SSI payments and disability benefits on May 24, 2001, alleging an onset date of May 1, 2001. Tr. 18-19. She alleged disability due to irritable bowel syndrome, lung problems, passing blood, swelling, back pain, possible herpes, urination

problems, menopause, ovarian cysts, and nerve problems. Tr. 19. She also has alleged disability due to depression. The Social Security Administration denied plaintiff's applications and her request for reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). After a hearing at which plaintiff, represented by counsel, testified on her own behalf, the ALJ issued an unfavorable decision dated July 24, 2003. Tr. 18-27.

Applying the five-step sequential process required by Title 20, Code of Federal Regulations, Sections 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in Regulations Sections 404.1520(b) and 416.920(b).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The claimant is able to "perform medium work, but can do only occasional climbing, crawling, and kneeling; and she must avoid exposure to concentrated inhalant irritants. The claimant can do detailed work without continuous direct face to face contact with the public."

5. The claimant's past relevant work as a sewing machine operator and telephone collection agent did not require the performance of work-related activities precluded by her residual functional capacity. The claimant's medically determinable chronic lumbar strain, chronic obstructive pulmonary disease, irritable bowel syndrome, gastroesophageal reflux disease, and depression do not prevent the claimant from performing her past relevant work.

Tr. 26-27.

When the Appeals Council denied plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. Plaintiff filed this civil action requesting a reversal of that adverse decision. Plaintiff argues that the ALJ's determination regarding plaintiff's mental capacity to work was not supported by substantial evidence, that the ALJ improperly discounted the medical opinion of plaintiff's treating physician, and that the ALJ erred in not soliciting vocational expert testimony during plaintiff's hearing.

## II. THE STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such

3

relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

#### A. Substantial Evidence

Plaintiff first contends that "the ALJ's decision is not based on substantial evidence because he improperly determined that [plaintiff] had a mental impairment that had no effect on her ability to work." Pl. Br. at 11. Plaintiff misstates the ALJ's finding. He concluded that plaintiff's depression, along with her physical impairments, were severe at the "step

4

two" stage of his analysis under Sections 404.1520 and 416.920, but that she nevertheless maintained the residual functional capacity to perform her past relevant work. Tr. 26. He did not find that her depression had "no effect" on her ability to work. If substantial evidence supports the ALJ's conclusion that plaintiff's depression, while a severe impairment in the regulatory analysis, does not prevent her from performing her past relevant work, then the ALJ's decision should be affirmed.

Title 20, Code of Federal Regulations, Sections 416.920a and 404.1520a set forth a "special technique" to be follow in the analysis of mental impairments. The ALJ must first evaluate the degree of functional limitation resulting from the impairment. If he finds the impairment severe, he then must determine whether the impairment meets or is equivalent in severity to a listed mental disorder. If the impairment is not a listed disorder, then the ALJ must evaluate the claimant's residual functional capacity. 20 C.F.R. §§ 416.920a, 404.1520a.

In evaluating the severity or degree of functional limitation resulting from the mental impairment, the ALJ considers four functional categories and rates the degree of functional limitation in each category. Those categories include activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation.[1] Id. §§ 416.920a(c)(3), 404.1520a(c)(3). In rating the first three functional categories, an ALJ classifies the degree of limitation as "none," "mild," "moderate," "marked," or "extreme."

---

[1]Decompensation refers to "exacerbations or temporary increases in symptoms or signs accompanied by a loss of adaptive functioning, as manifested by difficulties in performing activities of daily living, maintaining social relationships, or maintaining concentration, persistence or pace." Tr. 23.

5

In rating the decompensation category, the ALJ classifies the limitation as "none," "one or two," "three," and "four or more." Id. §§ 416.920a(c)(4), 404.1520a(c)(4). If the ALJ finds the degree of limitation in the first three categories to be "none" or "mild" and the degree of limitation in the fourth category to be "none," the ALJ "will generally conclude that [the] impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation on [the] ability to do basic work activities." Id. §§ 416.920a(d)(1), 404.1520a(d)(1).

In this case, the ALJ determined plaintiff's functional limitation in the first three categories to be "mild," and found no evidence of decompensation episodes. While plaintiff challenges whether substantial evidence supports the ALJ's determinations regarding the first three categories, the ALJ's conclusion that plaintiff's depression is a severe impairment renders the issue moot.[2] If the ALJ had found plaintiff's degree of limitation to be "moderate," "marked," or "extreme" in any category, the result would have been a finding that the impairment was severe, the conclusion that the ALJ reached anyway.[3]

Having found plaintiff's depression to be a severe impairment and having determined that the impairment was not a "listed" impairment, the ALJ then evaluated plaintiff's residual

---

[2]The Court notes that substantial evidence does appear on record to support the ALJ's conclusion. The record of plaintiff's consultation with Dr. Edwin Sperr, in particular, lends support to the ALJ's findings. Tr. 268-71. Dr. Robert Koontz, on a Psychiatric Review Technique Form dated October 13, 2002, found plaintiff's degree of limitation in the first two categories to be "mild," and her degree of limitation in the third category to be "moderate." Tr. 286.

[3]While not explicitly stated in his opinion, the ALJ's finding on the severity of plaintiff's depression apparently was based on a finding that depression placed more than a minimal limitation on plaintiff's ability to do basic work activities.

6

functional capacity. In considering plaintiff's mental condition, the ALJ noted that

> progress records on June 6, 2001 reflected the claimant absolutely denied being depressed. She stated that she attended church and she was happily married. She also reported having no stressors in her life, and she was sleeping well. The claimant "stressed" that she was absolutely okay. Later progress records on October 2, 2002, indicated that the claimant had shown considerabled [sic] marked improvement in her whole mental status (e.g. depression and anxiety) with Predisone therapy.

Tr. 24.

Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the plaintiff. Id.

In this case, the Court finds that substantial evidence supports the ALJ's findings regarding plaintiff's residual functional capacity. While plaintiff's one-time denial of being depressed is not dispositive of whether intermittent intervals of depression might affect her ability to work, the Court finds no evidence of record that plaintiff's condition is of the severity that would prevent her from working as she did in the past, as a sewing machine operator or a telephone collection agent. Indeed, there is little evidence of record that plaintiff has ever sought or obtained treatment for her condition.[4] The record does indicate

---

[4] Plaintiff did submit a letter to the Commissioner after the ALJ's decision from Dr. Bartosz Chmielowski, wherein he states that plaintiff suffers from "poorly controlled major depressive disorder" and has been given "samples of antidepressive medications." Tr. 328. The Court addresses Dr. Chmielowski's letter in Section III.B. *infra*. The Court notes that the ALJ did not have the letter from Dr. Chmielowski when he considered plaintiff's

that Predisone, a medication prescribed to plaintiff for physical ailments, has improved her mental condition. Tr. 24. While the Court recognizes that Predisone was not prescribed specifically for plaintiff's depression, its effectiveness in treating her depression indicates that her symptoms can be controlled through medication. As such, the Court finds that substantial evidence supports the ALJ's conclusion that plaintiff's depression does not prevent her from performing her past relevant work.[5]

### B. Opinion of Treating Physician

Plaintiff next asserts that "the Commissioner erred in failing to properly credit [plaintiff's] treating physician's medical opinion that [plaintiff's] mental impairments had an effect on her ability to work." Pl. Br. at 15. Plaintiff refers to the opinion of Dr. Bartosz Chmielowski, whose letter regarding plaintiff's condition was submitted to the Commissioner on March 31, 2004, well after the ALJ issued his decision.

Dr. Chmielowski states in his letter that he has been plaintiff's treating physician since August 7, 2003. He opines that she "suffers . . . from poorly controlled major

---

disability claims and plaintiff does not seek a "sentence six" remand to the ALJ for reconsideration of his decision in light of any new evidence.

[5] The Court recognizes the opinion of Dr. Sperr, a psychologist retained by the Commissioner to evaluate plaintiff's mental impairments. Dr. Sperr found plaintiff to be suffering from "significant depression" and opined that her symptoms would preclude her from "maintain[ing] consistency and [sustaining] a 40 hour work week." Tr. 271. The ALJ discounted Dr. Sperr's conclusions because they were not supported by his recorded observations. Tr. 22. Findings on a claimant's residual functional capacity are reserved for the ALJ, not the examining physician, 20 C.F.R. § 404.1527(e), and an examining physician's opinion may be discounted if it is unsupported by objective medical evidence, Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987). The Court finds that the ALJ properly discounted Dr. Sperr's ultimate opinion regarding plaintiff's residual functional capacity after considering the medical findings included in Dr. Sperr's report.

depressive disorder." She "was provided [with] samples of antidepressive medications since she was not [able] to afford them." "In summary," Dr. Chmielowski concluded, "severe symptoms of depression do not allow her to initiate any work." Tr. 328.

The only medical record in the evidence that plaintiff suggests supports Dr. Chmielowski's impressions is from a September 29, 2003, visit to the pulmonary clinic at the Medical College of Georgia. There, the physician notes that plaintiff "is always depressed and tearful, but antidepressants have not helped her." Tr. 331. The Court is unable to locate any other evidence in the record that plaintiff has sought or obtained medical treatment for her depression, and plaintiff does not suggest that any exists.

Under Social Security Ruling ("SSR") 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner, and treating source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance. SSR 96-5p; 20 C.F.R. § 404.1527(e). While "the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding the treating physicians's diagnosis," a "treating physician's report may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory." Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); accord Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987).

The Court finds Dr. Chmielowski's opinions regarding plaintiff's mental condition to be unaccompanied by any substantial objective medical evidence and wholly conclusory. While evidence does exist in the form of opinions from consulting medical reviewers that

9

plaintiff suffers from major depressive disorder, no objective medical evidence exists in the record to support the notion that plaintiff cannot perform her past relevant work because of her depression or that her depression cannot be controlled by medication.[6] Because of the lack of such medical evidence, the Court finds that the Appeals Counsel properly affirmed the ALJ's decision, even in light of the new evidence submitted by plaintiff.

### C. Vocational Expert Testimony

In plaintiff's third and final ground for relief, she argues that "the Commissioner erred in failing to utilize [vocational expert] testimony when the burden shifted [to] the commissioner to show [plaintiff] could make an adjustment to other work." Pl. Br. at 17. Plaintiff asserts that she has "met her burden at Step Four of the sequential evaluation process" by showing that she cannot perform her past relevant work, and that the ALJ should have consulted with a vocational expert at her hearing to determine whether she could perform other work. The ALJ, however, determined that plaintiff had not met her burden of showing that she could not perform her past relevant work, and the Court has found that substantial evidence supported his conclusion.

Plaintiff cites Chester v. Bowen, 792 F.2d 129 (11th Cir. 1986), for the proposition that an ALJ shou ld consult with a vocational expert to determine a claimant's residual functional capacity. In Chester, however, the ALJ had found that the plaintiff could not perform his past relevant work, and vocational expert testimony was thus necessary to

---

[6]It is also unclear from the record whether Dr. Chmielowski is a psychologist trained to diagnose plaintiff's mental impairments and render opinions regarding her ability to work in light of those impairments. In his letter, Dr. Chmielowski only indicates that he is a doctor with the "Continuity Care Clinic–Medicine One" of the Medical College of Georgia, and he details plaintiff's physical impairments as well as her depression. Tr. 328.

10

determine whether the plaintiff could adjust to other work. Id. at 131-32. Because the ALJ in this case determined that plaintiff could perform past relevant work, a determination that the Court has found was supported by substantial evidence, testimony from a vocational expert was not necessary. The ALJ's failure to elicit such testimony was not error.[7]

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 19th day of December, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[7] Plaintiff also suggests that the ALJ erred in failing to append a Psychiatric Review Technique Form ("PRTF") to his opinion. The record, however, does contain a PRTF. Tr. 276-89.